HANSON BRIDGETT LLP
RAFFI ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
555 S. Flower Street, Suite 650
Los Angeles, California 90071
Telephone: (415) 995-5044
Facsimile: (415) 541-9366

HANSON BRIDGETT LLP
JANIE THOMPSON, SBN 291622
jthompson@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

PARKER POE
CHRISTOPHER THOMAS (to be admitted *pro hac vice*)
christhomas@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Telephone: (919) 835-4641
Facsimile: (919) 834-4564

Attorneys for Defendant
Z-LITE JENAMEES, INC. dba Z-LITE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE TIFFANY, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Z-LITE JENAMEES, INC., a business entity form unknown doing business as Z-LITE; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:17-cv-00431-GW-SS<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **PURPOSE AND LIMITS OF THIS ORDER AND THE PARTIES' GOOD CAUSE STATEMENT.**

    a. **Good Cause Statement.** This action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. In particular, this action is likely to involve trade secrets, confidential business agreement of the type that most companies are not willing to allow their competitors, commercial agreements and leases (including those implicating third parties), financial disclosures, and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a

confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

    b. **Limitation of This Order.**

        i. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.

        ii. This Order does not supersede the Local Rules, and the parties are required to follow those Rules, the Court's Standing Order, and all other directives of this Court. In particular, as provided in Section 8, this Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5 and this Court's Standing Order if they seek to file anything under seal. As provided in Section 3, all challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

        iii. This Order does not govern the use at trial of materials designated under this Order.

2. **DESIGNATING PROTECTED MATERIAL**.

    a. **Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies for such protection pursuant to the appropriate standards set forth in this Order. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary

to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.

b. **Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. The designator may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

c. **Advance Notice**. To the extent possible, the parties shall give advance notice if they expect a deposition, Court hearing, or other proceeding to include designated material so that the other party can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

-4-　　Case No. 2:17-cv-00431-GW-SS
13546967.1　　STIPULATED PROTECTIVE ORDER

d. **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

3. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**. All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

4. **ACCESS TO DESIGNATED MATERIAL**.

a. **Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

b. **Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    i. The receiving party's outside counsel and employees of outside counsel to whom disclosure is reasonably necessary;

    ii. The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for the purpose of directing the action;

    iii. Experts, consultants, and other vendors retained by the receiving party's outside counsel to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    iv. The Court and its personnel;

    v. Outside court reporters and their staff; and

    vi. The author or recipient of a document containing the material.

c. **Custody of Agreements to Be Bound**. Signed Agreements to Be Bound in the form of Exhibit A shall be maintained by the party who obtains them pursuant to this Order. The parties are not required to exchange copies of these Agreements to Be Bound.

5. **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

6. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**. When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party is set forth in Federal Rule of Civil Procedure 26(b)(5)(B), subject to the requirement that, after being notified of an asserted inadvertent production, a receiving party must promptly return or destroy the specified information and any copies it has. Pursuant to Federal Rule of Evidence 502(d), a privilege or protection shall not be deemed, waived by disclosure in this litigation absent this Court's ruling to the contrary. Pursuant to Federal Rule of Evidence 502(e) and the parties' agreement, disclosure of privileged material produced from electronically stored information shall not be deemed a waiver if it is properly clawed back pursuant to this Order. The party asserting a privilege or protection, however, still bears the burden of establishing the existence of an underlying privilege or protection if the

assertion is challenged.

8. **FILING UNDER SEAL**. Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1 and this Court's Standing Orders. Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

9. **FINAL DISPOSITION**. Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material at the option of the producing party, and must purge all such information from all machine-readable media on which it resides. Upon the producing party's request, the receiving party must submit a written certification to the designator by the 60-day deadline that (1) all the designated material was either returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the

designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material, regardless of their form of storage (e.g., paper files, e-mail, or electronic media). Any such archival copies remain subject to this Order.

10. **MODIFICATION TO THIS ORDER**. This Order may be modified upon good cause shown.

IT IS SO ORDERED this 8th day of June , 2017.

/S/ Suzanne H. Segal
United States Magistrate Judge

IT IS STIPULATED AND CONSENTED TO:

DATED: June 6, 2017          THE HAN LAW GROUP, APC

By: */s/ Steven Y. Han*
STEVEN Y. HAN
Attorneys for Plaintiff
DALE TIFFANY, INC.

DATED: June 6, 2017          HANSON BRIDGETT LLP

By: */s/ Raffi Zerounian*
RAFFI ZEROUNIAN
Attorneys for Defendant
Z-LITE JENAMEES, INC. dba Z-LITE

-8-    Case No. 2:17-cv-00431-GW-SS
13546967.1  STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE TIFFANY, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Z-LITE JENAMEES, INC., a business entity form unknown doing business as Z-LITE; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:17-cv-00431-GW-SS<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned hereby acknowledges and certifies that he/she has received and read a copy of the Protective Order entered in the above-captioned action on June ___, 2017, and that he/she understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of this Court and understands that the Court may impose sanctions for any violation of the Protective Order. The undersigned designates the following as their agent for receipt of service of process for any action taken under this Protective Order:

_____.

Date:_____  _____
　　　　　　　　　　　　　　　　　Printed Name

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Signature